UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE TORRES-HURTADO,<br><br>        Petitioner,<br><br>    v.<br><br>A. GILL,<br><br>        Respondent. | Case No.: 1:14-cv-00145-JLT<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS SUCCESSIVE (Doc. 9)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1)<br><br>ORDER DIRECTING CLERK OF THE COURT TO ENTER JUDGMENT AND CLOSE FILE<br><br>NO CERTIFICATE OF APPEALABILITY IS REQUIRED |

Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Both parties have filed their written consent to the jurisdiction of the Magistrate Judge for all purposes. (Docs. 7 & 8).

### PROCEDURAL HISTORY

The instant petition was filed on February 4, 2014. (Doc. 1). On February 7, 2014, the Court ordered Respondent to file a response. (Doc. 5). On April 8, 2014, Respondent filed the instant motion to dismiss, contending that the petition is successive and should therefore be dismissed. (Doc. 9). To date, Petitioner has not filed an opposition to the motion to dismiss.

1

# DISCUSSION

A. <u>Procedural Grounds for Motion to Dismiss</u>

As mentioned, Respondent has filed a Motion to Dismiss the petition as being successive. Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. <u>See</u>, <u>e.g.</u>, <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); <u>White v. Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. <u>See</u> <u>Hillery</u>, 533 F. Supp. at 1194 & n. 12.

In this case, Responden''s motion to dismiss is based upon a claim that the petition is successive and violates the "abuse of the writ" doctrine. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal Answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B. <u>Successive Petitions</u>.

Section 2244(a) provides as follows:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

This gate-keeping provision confers exclusive authority on the Court of Appeals to authorize successive petitions regarding state court judgments pursuant to 28 U.S.C. § 2254. 28 U.S.C. § 2244(b). However, the provisions requiring prior appellate permission to proceed with a successive

petition pertain expressly to claims presented under § 2254, and contain no reference to petitions filed under § 2241. Thus, the gate-keeping provisions do not apply to habeas petitions filed under § 2241. Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir.2000).

Nevertheless, § 2244(a) prevents a federal inmate from utilizing § 2241 to challenge the validity of a federal court conviction or sentence which has previously been presented to the federal court for determination, such as when challenged by way of federal collateral review. Id.; accord, Valona v. United States, 138 F.3d 693, 694–695 (9th Cir.1998) (concluding that § 2244(a) bars successive petitions under § 2241 directed to the same issue concerning execution of a sentence); Chambers v. United States, 106 F.3d 472, 475 (2d Cir.1997) (barring as a second § 2241 petition a repetitive challenge to application of time credits in the administrative calculation of a federal sentence).

AEDPA's bar against successive petitions has been referred to as a modified res judicata rule placing limits on the traditional habeas corpus rule against "abuse of the writ," a "complex and evolving body of equitable principles informed and controlled by historical usage, statutory developments, and judicial decisions." Felker v. Turpin, 518 U.S. 651, 664, 116 S.Ct. 2333 (1996) (citing McCleskey v. Zant, 499 U.S. 467, 489, 111 S.Ct. 1454 (1991). If a successive petition is filed, dismissal is the appropriate disposition. Queen v. Miner, 550 F.3d 253, 255 (3d Cir.2008); Chambers v. United States, 106 F.3d 472, 475 (2d Cir.1997).

In the instant petition, Petitioner challenges the failure of the Bureau of Prisons to award him all of the credits to which he claims he is entitled. He bases his claim on two separate federal convictions and sentences, imposed at different times, but which were ordered to be served concurrently by the latter sentencing court. However, Petitioner presented this identical claim to the United States District Court for the Northern District of West Virginia, in Jose Torres-Hurtado v. Warden Kuma Deboo, case number 2:10cv8, which the court reviewed on its merits and denied with prejudice on May 3, 2010. (Doc. 9, Ex. 5).[1] Accordingly, the instant petition for writ of habeas

---

[1] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The docket and proceedings of sister federal district courts are facts that are subject to judicial notice under

corpus must be dismissed with prejudice as successive.

## ORDER

Accordingly, it is HEREBY ORDERED as follows:

1. Respondent's motion to dismiss (Doc. 9), is GRANTED;
2. The Petition for Writ of Habeas Corpus (Doc. 1), is DISMISSED with prejudice as successive;
3. The Clerk of the Court is DIRECTED to enter judgment and close the file; and,
4. No certificate of appealability is required.

IT IS SO ORDERED.

Dated:   **May 14, 2014**                         **/s/ Jennifer L. Thurston**
                                           UNITED STATES MAGISTRATE JUDGE

---

Rule 201(b). Accordingly, the Court hereby takes judicial notice of the docket and proceedings of <u>Torres-Hurtado v. Deboo</u>, no. 2:10cv8, in the U.S. District Court, Northern District of West Virginia.